UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Beste,                                    Civil No. 05-2907 (DSD/FLN)

                    Petitioner,

         v.                                    **REPORT AND RECOMMENDATION**

Marty Anderson, Warden,

                    Respondent.

_____

Eric Beste, *Pro Se* Petitioner.
Robert Lewis, Assistant United States Attorney, for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the

Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [#1].  Respondent filed

a response in opposition to Petitioner's petition [#5].  The matter was referred to the undersigned

for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons

that follow, this Court recommends Petitioner's petition be denied and dismissed with prejudice.

## I.  BACKGROUND

Petitioner Eric Beste is currently imprisoned at the Federal Medical Center in Rochester

("FMC Rochester").  He is serving an 87-month sentence, with 4 years supervised release, imposed

by the United States District Court for the Eastern District of Wisconsin following a conviction for

conspiracy to distribute and possession with intent to distribute 500 grams of cocaine, in violation

of 21 U.S.C. sections 841 and 846, and 18 U.S.C. section 2.  Petitioner has a projected release date

of August 13, 2010, via good conduct time release.  See Kinyon Dec. [#5], Ex. A.

-1-

Petitioner brings this 2241 habeas corpus petition claiming that a habeas writ should issue to relieve him from a disciplinary sanction of the loss of 20 days of good time credit. Petitioner alleges his rights under the Fifth and Sixth Amendments were violated during the disciplinary hearing regarding the charge of unexcused absence, and that the resulting sanction constituted cruel and unusual punishment in violation of the Eighth Amendment. In his petition, Petitioner argues that he should not be held accountable for his absence. For relief, he seeks restoration of the good conduct time.

On January 7, 2005, Petitioner received an incident report for an unexcused absence from an assignment (Unexcused Absence from Work or Any Assignment, Code 310). See Kinyon Dec., Ex. B. Specifically, the report alleged that Petitioner failed to attend his assigned GED class and was found in his unit asleep during the class time. Id. When questioned during the investigation of the incident, Petitioner stated that his medication caused sleepiness and made it difficult for him to attend class in the mornings. Id.

The incident was referred for review to the Unit Discipline Committee ("UDC"), which held a hearing on January 11, 2005. Petitioner told the UDC that his medication made him drowsy. Id. The UDC referred the matter to the disciplinary hearing office ("DHO") for disposition, and recommended that if Petitioner were found to have committed the prohibited act, he be sanctioned with a suspended loss of 60 days of commissary, loss of 13 days good conduct time, and 15 days disciplinary segregation. Id.

The DHO hearing was held on January 25, 2005. The record shows Petitioner was advised of his rights before and during the hearing. Id. He had received a copy of the incident report on January 7, 2005. Id. Petitioner initially requested a staff representative, but waived that right on the

day of the hearing.  He requested one witness, his roommate, who appeared at the hearing and stated that Petitioner had difficulty sleeping at night, and that he usually had to wake him two or three times in the mornings.  Id.

During the hearing, Petitioner admitted that he missed his class, and stated that his medication kept him awake at night and that he was typically drowsy in the mornings.  He stated that he would speak with his doctor about changing the time he took his medication.  Petitioner provided no further evidence on his behalf.  Id.

The DHO considered written testimony of staff who observed Petitioner in his unit when he was supposed to be in class.  Id.  The DHO discredited Petitioner's statements that his medication caused drowsiness and made him oversleep because he failed to provide medical documentation to support his claim.  The DHO sanctioned Petitioner with the disallowance of 20 days of good conduct time, and 15 days of disciplinary segregation, which were suspended pending 180 days of clear conduct.  A written report of the findings, sanctions and reasoning of the DHO was provided to Petitioner on February 5, 2005.  Id.

Petitioner appealed the decision of the DHO through the Administrative Remedy Program and his appeal was denied.  The Regional Office determined that Petitioner had been provided due process, and the Central Office found that the required disciplinary procedures were substantially complied with, the greater weight of the evidence supported the DHO's decision, and the sanctions imposed were in compliance with policy.  Kinyon Dec., Ex. C.  Petitioner then filed this Petition on December 15, 2005.

## II.  LEGAL ANALYSIS

**A.      Petitioner's Constitutional Rights Were Not Violated During the Disciplinary Proceedings**

To obtain habeas relief under 28 U.S.C. section 2241, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2244(c)(3); Rose v. Hodges, 423 U.S. 19, 21 (1975).  Here, Petitioner alleges that the disciplinary sanction was based on insufficient evidence and violated his due process rights under the Fifth Amendment.  Pet. Mem. [#2] p. 3-4.  He alleges that the loss of good conduct time constitutes cruel and unusual punishment in violation of the Eighth Amendment because the medication was given to him by prison staff and caused him to oversleep.  Pet. Mem. [#2] p. 2.  Without further elaboration, Petitioner also alleges that his Sixth Amendment rights were also violated.  Pet. Mem. [#2] p. 2.  The Court finds that the record does not support Petitioner's contention that he was disciplined in violation of his constitutional rights.

**1.      Petitioner States No Claims Under the Sixth and Eighth Amendments as a Matter of Law**

Petitioner briefly alleges that the loss of good conduct time constitutes cruel and unusual punishment in violation of the Eighth Amendment.  His allegation that the sanction was cruel and unusual falls far short of the level of conduct prohibited by the Eighth Amendment.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Petitioner has failed to state a claim under the Eighth Amendment as a matter of law.

Petitioner's allegation that his Sixth Amendment rights were violated similarly fails.  First, it is unclear to the Court which rights under the Sixth Amendment were allegedly violated; Petitioner provides no foundation or facts to support his claim.  Moreover, the law is clearly

established that Petitioner has no Sixth Amendment confrontation clause rights or right to retained or appointed counsel at prison disciplinary proceedings.  See Baxter v. Palmigiano, 425 U.S. 308, 321-23 (1976).  Petitioner has failed to state claims under the Sixth or Eighth Amendments.

2.    **The Disciplinary Hearing Comported With the Procedural Requirements Set Forth in Wolff**

Petitioner claims he was subjected to disciplinary sanctions in violation of his due process rights under the Fifth Amendment.  A prisoner must be afforded at least some procedural due process protections before being deprived of good conduct time.  Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  A prisoner who is facing a loss of good conduct credits is not entitled to the full panoply of procedural rights that accompanies a criminal prosecution.  Id. at 566.  To satisfy the constitutional requirements of due process, prisoners facing a loss of good conduct time must be given: 1) advance written notice of the charges; 2) an impartial hearing body; 3) an opportunity to present witness testimony and other evidence; 4) assistance for illiterate inmates or in complex cases; and 5) a written explanation of the ultimate resolution of the charges.  Espinoza v. Peterson, 283 F.3d 949, 951-52 (8th Cir. 2002).

The Court finds Petitioner received at least the minimal procedural benefits prescribed by Wolff during his disciplinary proceeding.  The record shows that Petitioner was provided an incident report that afforded him written notice of the charges well in advance of the UDC and DHO hearings.  See Kinyon Aff., Ex. B.  The hearing was conducted by a certified DHO, who are impartial hearing officers.  Petitioner was present during the UDC and DHO proceedings.  He was advised of his rights prior to the hearings, including the right to a staff representative and the right to present witnesses and documentary evidence on his behalf.  Petitioner testified at the hearing and also called one witness to testify on his behalf.  After the hearing, Petitioner was provided a written

-5-

report of the DHO decision, which included a written statement of the evidence relied upon and the reasons for the sanctions imposed.

In his Petition and supporting Memorandum, Petitioner does not contend that he was denied any of the above elements required for due process in disciplinary proceedings. Petitioner admits that he missed class, but claims he overslept because of the medication he received. He claims that he was denied due process because the DHO did not address his claim that the proper use of his prescribed medication caused him to miss his assignment. See Pet. Mem. [#2] p. 2. The record reflects sufficient evidence to find that Petitioner did in fact miss class, and Petitioner failed to provide documentation from medical staff indicating his behavior should be excused due to the medication's effects. The record shows that Petitioner was afforded the basic procedural safeguards required by Wolff.[1]

### 3.     There Was Sufficient Evidence to Support the Findings of the DHO

Petitioner does not claim that there was insufficient evidence to find that he engaged in the prohibited act as alleged. Instead, Petitioner claims that he should not be held accountable for his absence and that his loss of good conduct time was unfair. To satisfy the requirements of due process, however, the record must only include some evidence that supports the disciplinary decision. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985).

---

[1]

In his Reply Memorandum, Petitioner argues that his right, under Wolff, to present witnesses and documentary evidence on his behalf was violated because he was detained in segregation before the DHO hearing and was unable to obtain documentation to support his claim. See Rep. Mem. [#6] pp. 2-3. The record is clear, however, that Petitioner was afforded the opportunity to present witnesses and evidence during the hearing, and that Petitioner in fact took advantage of that opportunity. Moreover, the record reflects that Petitioner at one point invoked his right to staff representation. See Kinyon Dec. Ex. B. The record contains evidence that on January 12, 2005, approximately two weeks before the DHO hearing, the staff member assigned to represent Petitioner agreed to investigate and present to the DHO whatever information Petitioner wished to present. See Kinyon Dec. Ex. B. For reasons unclear, Petitioner waived his right to staff representation during the hearing. The Court finds that Petitioner had sufficient opportunity, through his own volition and optional staff representation, to obtain and present evidence on his behalf.

In <u>Hill</u>, the Supreme Court stressed that the decision of a prison disciplinary officer after a disciplinary hearing was entitled to considerable deference.  <u>See id.</u> at 454 (the findings of a prison disciplinary authority should not be second-guessed by the federal courts as long as they "are supported by some evidence in the record").  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  <u>Id.</u> at 455-56.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  <u>Id.</u>; <u>see also</u> <u>Goff v. Burton</u>, 7 F.3d 734, 739 (8th Cir. 1993).  Courts are not part of the appellate process for prison discipline proceedings.  <u>Courtney v. Bishop</u>, 409 F.2d 1185, 1187 (8th Cir. 1969); <u>see also</u>, <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1445 (10th Cir. 1996) (if there is some evidence to support a disciplinary committee's decision, the requirements of procedural due process have been met; the decision can be upheld even if the evidence supporting the decision is "meager").

Here, the Court finds that the minimal "some evidence" standard is met.  The DHO took into consideration all of the available evidence, and determined that Petitioner had committed the prohibited act.  The evidence included the incident report, the memoranda from staff, and statements of the witness and Petitioner, all of which indicated that Petitioner had in fact failed to attend his assigned GED class.  Petitioner admitted that he missed class, and did not present any medical documentation regarding the side effect of his medications.  <u>Wolff</u> provides that inmates be given an opportunity to persuade an impartial decision maker that he did not commit the prohibited conduct as alleged.  Petitioner was given such an opportunity, and the DHO was not persuaded by his claims.  Based on all the evidence, the DHO reasonably concluded that Petitioner committed the prohibited act and sanctioned him in accordance with policy.

-7-

The disciplinary proceeding by which Petitioner was sanctioned comported with the due process requirements set forth in <u>Wolff</u> and <u>Hill</u>. Petitioner's Petition for a writ of habeas corpus should be denied.

## III. RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED,** and that this action be **DISMISSED WITH PREJUDICE.**

DATED: May 16, 2006                        s/ Franklin L. Noel
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 29, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.